UNITED STATES MIDDLE DISTRICT COURT
OF MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD A. BRADFIELD, M.D.,                      CASE NO.:

      Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, HAROLD A. BRADFIELD, M.D, by and through the undersigned attorneys and sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and alleges as follows:

### General Allegations:

1. This is an action for damages that exceed seventy five thousand dollars ($75,000), exclusive of interest, costs and attorney fees.

2. This is also an action for declaratory relief pursuant to Fla. Stat. §86.0 11 et seq., and pursuant to 28 U.S. C. §2201, to determine questions of insurance coverage under a policy of insurance issued by METLIFE.

3. HAROLD A. BRADFIELD, M.D., is an individual, a resident of Pinellas County, Florida and a citizen of Florida.

4. METLIFE is a New York company with its principal place of business at St. Louis, Missouri, and is a citizen of the State of Missouri.

5. The Court has jurisdiction pursuant to 28 U. S. C. § 1332.

1

6. METLIFE issued a Disability Income Insurance Policy to HAROLD A. BRADFIELD, M.D., with the effective date of September 26, 2002, bearing policy number 6402699 AH ("The METLIFE Policy"). A copy of the policy is attached as Exhibit "A". The METLIFE Policy affords monthly benefits in the event the insured, due to injury or sickness, is Totally Disabled and unable to work in his Regular Occupation.

7. At all times material hereto, METLIFE conducted business in Pinellas and Hillsborough Counties, Florida, and venue in the court is proper as the METLIFE Policy was received in Pinellas County, Florida and the failure to perform the contract occurred in Pinellas County, Florida.

8. The METLIFE Policy has been in full force and effect since it was issued on September 26, 2002, and was in full force and effect on November 23, 2011 when HAROLD A. BRADFIELD, M.D., first became disabled, and has been in full force and effect thereafter.

9. HAROLD A. BRADFIELD, M.D., is, by his education, training and experience, a neuro radiologist and an interventional radiologist.

10. On or about November 23, 2011, while employed as a neuro radiologist and an interventional radiologist, HAROLD A. BRADFIELD, M.D., underwent a surgery and was treated by chemotherapy and radiation therapy. Shortly after his surgery, HAROLD A. BRADFIELD, M.D., suffered additional medical complications including a colon perforation. These medical conditions and the subsequent complications therefrom, have made him unable to perform the job duties required of a neuro radiologist and an interventional radiologist, as he is

unable to stand as is required, is unable to remain continuously on the task for the time periods required, is required to take frequent and urgent bathroom breaks, cannot meet the turn-around times required, and has developed neuropathy in his hands that makes him unable to do injections, manipulate catheters and other endovascular devices in the vascular system of the brain, spine and body, or competently manipulate biopsy or percutaneous drainage devices.

11. Although HAROLD A. BRADFIELD, M.D., sought and obtained temporary employment after surgery as a regular radiologist and then as a general physician to perform medical evaluations for insurance companiesq potential customers, these activities are outside the scope of his profession, namely, neuro radiology and interventional radiology. These employment activities did not generate as much income as his previous job as a neuro radiologist and interventional radiologist.

12. Since November 1, 2014, HAROLD A. BRADFIELD, M.D., has been unable to work at all and has generated no employment-related income.

13. After HAROLD A. BRADFIELD, M.D., became unable to perform his job duties as a neuro radiologist and an interventional radiologist, he timely submitted a claim with METLIFE for total disability benefits under the provisions of METLIFE Policy. METLIFE failed to honor the contract to pay total disability benefits.

**Total Disability – November 1, 2014 to the Age 65**

14. The METLIFE Policy provides for Monthly Benefit for Total Disability. Total Disability is defined on page 7 of METLIFE Policy as follows:

Total Disability or Totally Disabled means that due solely to Impairment caused by Injury or Sickness, You are:

1. Before the end of the Regular Occupation Period shown in page 3:
   a. Prevented from performing the material and substantial duties of Your Regular Occupation;
   b. Not Gainfully Employed . however, this requirement applies only after You have been Totally Disabled for 12 months; and
   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

2. After the Regular Occupation Period shown on page 3:
   a. Prevented from performing any occupation for which You are or become reasonably fitted by Your education, training or experience;
   b. Not Gainfully Employed; and
   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

15. The Regular Occupation Period per METLIFE Policy is to the age of 65.

    HAROLD A. BRADFIELD, M.D., will be 55 years old this year.

16. METLIFE Policy contains the following pertinent definitions:

    Disability or Disabled means Totally Disability that starts while Your policy is in force.

    Gainfully Employed means actively engaged in an occupation for remuneration or profit.

    Impairment means a loss of use or function that can be evaluated by medical means.

    Injury means an accidental bodily injury that occurs on or after the Effective Date of the policy and while Your policy is in force.

    Regular Occupation means Your usual occupation (or occupations, if more than one) in which You are Gainfully Employed at the time You become Disabled. (õ )

    Sickness means sickness or disease that first manifests itself on or after the Effective Date of the policy and while Your policy is in force.

    We, Us and Our means Metropolitan Life Insurance Company.

    You and Your means the insured named on page 3.

17. Since November 1, 2014, HAROLD A. BRADFIELD, M.D., has been totally disabled within the meaning of the METLIFE Policy as described on page 7, and should be receiving Total Disability benefits pursuant to the above policy terms. The fact that HAROLD A. BRADFIELD, M.D., is Totally Disabled and is unable to perform any employment as a physician, has been made known to METLIFE by a letter dated March 4, 2015, attached hereto as Exhibit "B". On or about March 11, 2015, METLIFE initiated Total Disability payments to HAROLD A. BRADFIELD, M.D., for the time period from November, 2014 to February 2015, but have not fully paid nor recognized its liability for benefits due for the period from November 23, 2011 to November 1, 2014.

18. There are two additional provisions of the METLIFE Policy that provide benefits to HAROLD A. BRADFIELD, M.D., under the circumstances for the time period from November 23, 2011 to November 1, 2014.

**Your Occupation Rider - from November 23, 2011 to November 1, 2014**

19. The METLFE Policy contains a Transitional Your Occupation Benefit Rider (the "Your Occupation Rider") that provides benefits under the following circumstances:

Total Disability in Your Occupation or Totally Disabled in Your Occupation means that, due solely to Impairment caused by Injury or Sickens, you are:

1. Prevented from performing the material and substantial duties of Your Regular Occupation, but Gainfully Employed in another occupation; and

2. Receiving appropriate care, from a physician who is appropriate to treat the condition causing the impairment.

20. HAROLD A. BRADFIELD, M.D., was and is unable to perform his duties as a neuro radiologist and an interventional radiologist. He had a temporary

5

employment as a regular radiologist until September 2012 when it was not renewed. Since then, he had sporadic temporary employment as a regular physician. These activities were outside his Regular Occupation. He has continually been under the care of a Physician as required by the Your Occupation Rider.

21. HAROLD A. BRADFIELD, M.D., is entitled to all the benefits under METLIFE Policy pursuant to the terms of the Your Occupation Rider for the time period from November 23, 2011 to October 31, 2014 as HAROLD A. BRADFIELD, M.D., was "prevented from performing the material and substantial duties of his Regular Occupation," as is required by the Your Occupation Rider. His Regular Occupation is neuro radiologist and interventional radiologist, as is stated on his Application for Disability Income Insurance dated 8/12/02.

22. METLIFE has denied that HAROLD A. BRADFIELD, M.D., qualifies for benefits pursuant to the terms of Your Occupation Rider and has refused to pay such benefits.

**In the Alternative, Residual Disability Rider - from November 23, 2011 to November 1, 2014**

23. The METLIFE policy contains the following Rider: Monthly Benefit for Residual Disability ("Residual Disability Rider"). The Residual Disability Rider provides benefits under the following circumstances:

Residual Disability or Residually Disabled means that due solely to Impairment caused by Injury or Sickness:
1. Your Earnings are reduced by at least 20 percent of Your Prior Earnings; and
2. You are receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment; and
3. You are not Totally Disabled, and are Gainfully Employed, but You are:

   a. Prevented from performing one or more of the material and substantial duties of Your Regular Occupation; or
   b. Performing the material and substantial duties of Your Regular Occupation, but are not able to perform them for more than 80 percent of the time normally required of You; or
   c. Engaged in another occupation.

24. The monthly amount of the benefits payable under Residual Disability Rider is calculated as follows:

    $\frac{A-B}{A}$ x Monthly Benefit for Total Disability as shown on page 3

    "A" Is Your Prior Earnings.

    "B" is Your Earnings for the month for which Residual Disability is claimed. Such Earnings will not include income received for services you performed prior to the date Your Residual Disability started.

    If Earnings for the month for which Residual Disability is claimed are 25 percent or less of Prior Earnings, We will consider "B" to be zero; that is, the full Monthly Benefit for Total Disability, as shown on page 3, will be payable.

    The Monthly Benefit for Total Disability shown on page 3 is $4,665.50.

25. METLIFE has paid some past benefits to HAROLD A. BRADFIELD, M.D., under Residual Disability Rider in May and September, 2014 but it made errors in calculating the benefits due and in the methodology employed to determine those benefits. The amounts that METLIFE has paid, are at least $180,000 less than what HAROLD A. BRADFIELD, M.D., is entitled to under the Residual Disability Rider.

**The Cost-Of-Living Adjustment For Disability Benefits Rider**

26. The METLIFE Policy contains the following Rider: Cost-Of-Living Adjustment for Disability Benefits (the "COLA Rider"). It provides as follows:

If Your period of Disability lasts for at least one year We will adjust any further Monthly Benefit for Totally Disability and (if a Residual Disability or Transitional Your Occupation rider is included in Your policy) Residual Disability or Total Disability in Your Occupation payable for that Disability by substituting the Adjusted Monthly Benefit for Total Disability for the Monthly Benefit for Total Disability.

The cost-of-living adjustment will be made on each Review Date.

Review Date means each anniversary date of the start of a period of Disability.

27. The COLA Rider contains a formula to determine how the above referenced adjustment is calculated, based on the Consumer Price Index for Urban Wage Earners and Clerical Workers and amounts to an additional sum receivable by the insured added to the monthly benefit payable.

28. Because the Plaintiff, HAROLD A. BRADFIELD, M.D.'s disability has lasted for more than one year, the benefits he is entitled to for the time period between November 23, 2011 and November 1, 2014, should have been adjusted by METLIFE pursuant to the COLA Rider.

29. Every condition precedent to the bringing of this action has been accomplished or has been waived.

## COUNT I

## DECLARATORY JUDGMENT

30. HAROLD A. BRADFIELD, M.D., re-alleges the contents of paragraphs one (1) through twenty-nine (29) as if fully set out herein, and further alleges:

31. HAROLD A. BRADFIELD, M.D., is unsure of his rights under the METLIFE Policy's Your Occupation Rider and, therefore, has filed this action to clarify his rights regarding the METLIFE Policy, and seeks a declaration that HAROLD A.

BRADFIELD, M.D., qualifies for full disability benefits under the Your Occupation Rider for the time period from November 23, 2011 to November 1, 2014 and that METLIFE is required to provide coverage and the disability payments due to him under the Your Occupation Rider.

32. In the alternative, HAROLD A. BRADFIELD, M.D., is unsure of his rights under the METLIFE Policy's Residual Disability Rider and, therefore, has filed this action to clarify his rights regarding the METLIFE Policy, and seeks a declaration regarding the proper basis and methodology to be used under his policy for calculation of the benefits under the Residual Disability Rider for the time period from November 23, 2011 to November 1, 2014 and that METLIFE is required to provide coverage and the full amount of the disability payments due under the Residual Disability Rider.

33. HAROLD A. BRADFIELD, M.D., is unsure of his rights under the METLIFE Policy's COLA Rider and, therefore, has filed this action to clarify his rights regarding the METLIFE Policy, and seeks a declaration that HAROLD A. BRADFIELD, M.D., qualifies for benefits under the COLA Rider for the time period from November 23, 2011 to November 1, 2014 and that METLIFE is required to provide coverage and the disability payments adjustments due under the COLA Rider.

34. The claims of HAROLD A. BRADFIELD, M.D., describe a present and actual interest which is adverse and antagonistic to METLIFE's interests and rights pursuant to METLIFE Policy.  Thus there is a practical need for resolution of the rights, status and obligations of the parties herein.

35. The rights HAROLD A. BRADFIELD, M.D., one hand and the duties and responsibilities of METLIFE on the other hand, create a present controversy and a bona fide contractual dispute between the parties.

36. Because of METLIFE's refusal to honor its insurance contract with HAROLD A. BRADFIELD, M.D., it has become necessary for HAROLD A. BRADFIELD, M.D., to retain the services of the undersigned attorneys and to pay them a reasonable fee.  Pursuant to Fla. Stat. §627.428, METLIFE is obligated to pay its insured a reasonable fee for the attorney's services in bringing this action, plus taxable costs associated with this lawsuit.

WHEREFORE, Plaintiff HAROLD A. BRADFIELD, M.D., prays this Honorable Court enter a judgment declaring that, under the terms of the METLIFE Policy purchased by Plaintiff HAROLD A. BRADFIELD, M.D:

1) Plaintiff HAROLD A. BRADFIELD, M.D., is entitled to the full amount of benefits due under the Your Occupation Rider for the time period between November 23, 2011 to October 31, 2014;

2) In the alternative, that Plaintiff HAROLD A. BRADFIELD, M.D., is entitled to an amount of benefits based on a revised basis and methodology for the calculation of his benefits pursuant to the Residual Disability Rider for the time period November 23, 2011 to October 31, 2014, should the Court determine that the Your Occupation Rider is not applicable;

3) Plaintiff HAROLD A. BRADFIELD, M.D., is entitled to have all the disability benefit payments oved under any provision of the METLIFE Policy adjusted pursuant to the COLA Rider; and

4) all covered losses with interest, plus attorney's fees pursuant to Fla. Stat. §627.428, and taxable costs of litigation; and

A jury trial is demanded on all issues so triable.

## COUNT II

## BREACH OF CONTRACT – YOUR OCCUPATION RIDER

37. HAROLD A. BRADFIELD, M.D., re-alleges the contents of paragraphs one (1) through twenty-nine (29) as if fully set out herein, and further alleges:

38. HAROLD A. BRADFIELD, M.D., is entitled to total disability payments for the disability benefits afforded by the Your Occupation Rider of METLIFE's Policy for the time period between November 23, 2011 and November 1, 2014.

39. METLIFE has breached its contract with HAROLD A. BRADFIELD, M.D., pursuant to the terms of the Your Occupation Rider and has refused to make any payments for the disability benefits afforded by the Your Occupation Rider from the time period between November 23, 2011 and November 1, 2014.

40. Because of METLIFE's refusal to honor its insurance contract with HAROLD A. BRADFIELD, M.D., it has become necessary for HAROLD A. BRADFIELD, M.D., to retain the services of the undersigned attorneys.  Pursuant to Fla. Stat. §627.428, METLIFE is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff, HAROLD A. BRADFIELD, M.D., demands judgment against Defendant, METROPOLITAN LIFE INSURANCE COMPANY, for all covered losses with interest on any overdue payments, attorney's fees pursuant to Fla. Stat. § 627.428, and taxable costs. A jury trial is demanded on all issues so triable.

## **COUNT III**

## **BREACH OF CONTRACT – RESIDUAL DISABILITY RIDER**

41. HAROLD A. BRADFIELD, M.D., re-alleges the contents of paragraphs one (1) through twenty-nine (29) as if fully set out herein, and further alleges:

42. Under the terms of the METLIFE Policy in issue, METLIFE must apply either the Your Occupation Rider or the Residual Disability Rider in the event of disability by the insured which exists for a period of time and which is less than Total Disability.

43. HAROLD A. BRADFIELD, M.D., is entitled to at least the full payment for the disability benefits afforded by METLIFE Policy's Residual Disability Rider.

44. METLIFE has breached its contract with HAROLD A. BRADFIELD, M.D., in that it applied an inappropriate basis and an inappropriate methodology under the Policy when calculating the benefits paid to HAROLD A. BRADFIELD, M.D., as provided by the Residual Disability Rider, even if applicable to him rather that the terms of the Your Occupation Rider.

45. METLIFE has inappropriately and without justification or explanation, reduced the amount of benefits paid and has refused to make the full payments for the disability benefits afforded by the Residual Disability Rider.

46. Because of METLIFE's refusal to honor its insurance contract with HAROLD A. BRADFIELD, M.D., it has become necessary for HAROLD A. BRADFIELD, M.D., to retain the services of the undersigned attorneys.  Pursuant to Fla. Stat. §627.428, METLIFE is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus taxable costs of litigation.

WHEREFORE, Plaintiff, HAROLD A. BRADFIELD, M.D., demands judgment against Defendant, METROPOLITAN LIFE INSURANCE COMPANY, for all covered losses with interest on any overdue payments, attorney's fees pursuant to Fla. Stat. § 627.428, and taxable costs. A jury trial is demanded on all issues so triable.

Dated: March 19, 2015.

        MARTINEZ DENBO, L.L.C.


        By: /s Inguna Varslavane-Callahan
        INGUNA VARSLAVANE-CALLAHAN
        FBN: 183873
        2935 First Avenue North
        2nd Floor
        St. Petersburg, FL 33713
        (727) 894-3535
        ICallahan@CivilLit.com
        Attorneys for Plaintiff